IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiffs, | 4:18CR3088 |
| vs. | |
| JOHN CHRISTOPHER GOOD, ERIC BERINGER, CHRISTOPHER THURLOW, JOHN GLIDDEN, | ORDER |
| Defendants. | |

Pending before me are the motions filed by Defendants Good, Beringer, Thurlow, and Glidden to modify the conditions of their pretrial release. (Filing Nos. 249, 252, 253, 254). As a condition of release, each of these defendants was ordered to "[a]void all contact, directly or indirectly, with any persons, who are or who may become a victim or potential witness in the subject investigation or prosecution, including but not limited to: all codefendants and any identified witnesses" except as for work-related purposes. See condition (h) in Filing Nos. 56-59. Defendants now move to withdraw this condition so they can confer with their co-defendants and the witnesses as they prepare for trial. For the reasons stated below, the motions will be denied.

Here, each defendant was represented by counsel at the hearing setting pretrial release conditions. In fact, the "work exception" added by handwriting to condition (h) was raised by the defendants at the hearing, discussed through their counsel, and then permitted by the court. Each defendant swore under oath that he would abide by condition (h) if released pending trial. The release orders were entered on August 9, 2018. None was appealed.

"[T]he court with original jurisdiction over the offense charged has the authority to amend sua sponte and at any time the conditions of release." United States v. Spilotro, 786 F.2d 808, 815 (8th Cir. 1986). That said, once the order setting conditions is entered and final, the court need not reconsider it absent some change in circumstances unknown and unforeseeable at the time the original order was entered. To rule otherwise would foster a depletion of judicial resources through repeated motions to modify conditions of release based solely on defendants changing their mind since the last hearing.

The defendants have not explained what unknown or unforeseeable change of circumstances has occurred since the initial conditions of release order was entered. It cannot be the receipt of the government's evidence. At the initial appearance and arraignment, and before the court held the hearing setting conditions of release, the court ordered the government to produce Rule 16 discovery, with the government forewarning that the discovery was voluminous and the court finding the case was unusual and complex. See filing 54.

Defendants claim they must speak with one another and with witnesses about the case to prepare for trial, but those discussions are the precise concern release condition (h) intends to address—the potential for obstruction of justice and coaching or intimidating witnesses pending trial. And contrary to the argument raised by counsel, the conditions of release as ordered restrict the defendants' conduct, not that of their counsel, experts, interpreters or investigators. The order does not prohibit the attorneys from speaking to each other or to witnesses, including a co-defendant if that defendant agrees to speak and his counsel is present. It does not prohibit counsel from discussing the government's evidence, including co-defendant statements, with his client, or from eliciting information from third parties, either at the suggestion of Defendant

2

or as prompted through counsel's review of the government's evidence or his independent investigation.

Defendants Good, Beringer, Thurlow, and Glidden are each represented by counsel of his choice and each can freely communicate with his attorney to assist in preparing a defense. The original purpose of the condition at issue—to avoid obstruction of justice and witness intimidation and tampering—remains. The court is not convinced that it should now be withdrawn.

Accordingly,

IT IS ORDERED that Defendants' motions, (Filing Nos. 249, 252, 253, 254), are denied.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

BY THE COURT:

*s/ Cheryl R. Zwart*

United States Magistrate Judge