IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiffs, | 4:18CR3088 |
| vs. | ORDER |
| JOHN CHRISTOPHER GOOD, | |
| Defendants. | |

Defendant Good has filed a motion to sever and for in camera review of statements, claiming joinder of his claims with all other defendants is prejudicial. Good further "asserts his right to speedy trial and does not consent to have his trial delayed because charges against him have been joined with charges against other defendants." ([Filing No. 339](#)).

For the reasons discussed below, the motion to sever and motion for in camera review will be denied, but without prejudice to re-asserting fourteen days before trial. Defendant's right to speedy trial has been and will continue to be afforded.[1]

STANDARD OF REVIEW

Joinder of counts in an indictment is governed by Rule 8 of the Federal Rules of Criminal Procedure which provides:

---

[1] Good filed two briefs on the motion to sever, neither of which mention the Sixth Amendment right to a speedy trial nor the Speedy Trial Act, and Good does not argue he has been prejudiced by the delay in progressing this case to trial. The court deems any speedy trial argument abandoned and that issue will not be further addressed herein.

> (a) Joinder of Offenses. The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged--whether felonies or misdemeanors or both--are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.
> (b) Joinder of Defendants. The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

Fed.R.Crim.P. 8.

However, even when joinder is proper under Rule 8, pursuant to Rule 14 of the Federal Rules of Criminal Procedure, a judge may order severance if joinder at trial will prejudice the defendant. See United States v. Wadena, 152 F.3d 831, 849 (8th Cir. 1998). Rule 14 provides:

> (a) Relief. If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.
> (b) Defendant's Statements. Before ruling on a defendant's motion to sever, the court may order an attorney for the government to deliver to the court for in camera inspection any defendant's statement that the government intends to use as evidence.

Fed.R.Crim.P. 14.

The granting or denying of a motion to sever rests in the discretion of the court. The defendant bears the burden of showing that, absent severing the claims, he will be prejudiced at trial. Williams v. United States, 416 F.2d 1064, 1070 (8th Cir. 1969).

## SUMMARY OF COUNTS

Good has been jointly indicted with 19 other defendants for harboring and concealing aliens, conspiring with others to do so, and engaging in money laundering to conceal the profits of that crime. ([Filing No. 284](Filing No. 284), Counts I, II, VI, and VII). Count VI alleges Good placed his name on the deed to a house owned by co-defendants Juan Pablo Sanchez-Delgado and Magdalena Castro-Benitez while advising these aliens that by doing so, police and immigration officials could not enter the house without first contacting Good. ([Filing No. 284, at CM/ECF p. 20](Filing No. 284, at CM/ECF p. 20)). Count VII alleges Good placed his name on a liquor license for the La Herradura restaurant owned and operated by Juan Pablo Sanchez-Delgado and Magdalena Castro-Benitez and advised Juan Pablo Sanchez-Delgado to put a closed sign on the restaurant on or around July 4, 2018 to avoid an immigration raid. (Id.) In addition to the foregoing allegations, Count I alleges Good conspired with all the co-defendants to knowingly and with reckless disregard conceal and harbor illegal aliens. ([Filing No. 284, at CM/ECF p. 5](Filing No. 284, at CM/ECF p. 5)). As specific acts in furtherance of that conspiracy, Count I alleges Juan Pablo Sanchez-Delgado and Magdalena Castro-Benitez placed these alien's home, and commercial assets and businesses, such as the La Herradura restaurant, in Good's name to conceal and harbor aliens, and he was part of a network of co-defendants who warned each other of anticipated ICE enforcement actions. Count II alleges Good, along with 10 other co-defendants, engaged in financial transactions intended to conceal the money received from unlawfully harboring aliens.

ANALYSIS

Rule 8(b) permits joinder of defendants "if they are alleged to have participated . . . in the same series of acts or transactions constituting an offense or offenses." Here, the indictment alleges that although their respective roles in the alleged conspiracies may have varied, all the defendants, including Good, were involved in harboring and concealing illegal aliens. Under Rule 8(b), Good's trial is properly joined with that of the other indicted defendants.

Defendant Good requests relief under Rule 14 of the Federal Rules of Criminal Procedure. To warrant severance under Rule 14, a defendant must show "real prejudice," that is, "something more than the mere fact that he would have had a better chance for acquittal had he been tried separately." United States v. Mickelson, 378 F.3d 810, 817 (8th Cir. 2004) (quoting United States v. Oakie, 12 F.3d 1436, 1441. Cir. 1993) (citing United States v. Adkins, 842 F.2d 210, 211-12 (8th Cir.1988)). A defendant can prove real prejudice to his right to a fair trial by showing that either his affirmative defense is irreconcilable with that of the co-defendants, or that the jury will be unable to compartmentalize the evidence as it relates to the separate defendants. Mickelson, 378 F.3d at 817 (citing United States v. Washington, 318 F.3d 845, 858 (8th Cir. 2003); United States v. Jackson, 64 F.3d 1213, 1217 (8th Cir. 1995).

Good argues that severance is required because unlike his co-defendants, Good is raising an affirmative defense; specifically, that prosecution under 8 U.S.C. § 1324 will violate his First Amendment right to free exercise of religion. (Filing No. 342, at CM/ECF p. 3, 8, 14; Filing No. 461, at CM/ECF p. 1).

> While there are situations in which inconsistent defenses may support a motion for severance, the doctrine is a limited one. . . . The governing standard requires the moving defendant to show that "the defendants present conflicting and irreconcilable defenses and there is a danger that the jury will unjustifiably infer that this conflict alone demonstrates that both are guilty."

United States v. De Luna, 763 F.2d 897, 921 (8th Cir. 1985) (citation omitted) see also United States v. Sanstrom, 594 F.3d 634, 644 (8th Cir. 2010).

Here, Good has failed to show how his First Amendment defense is irreconcilable with the positions or defenses his co-defendants will assert at trial. Good's affirmative defense does not warrant granting a motion for severance.

Good claims the government lacks sufficient evidence to convict him. (Filing No. 461, at CM/ECF pp. 6-7). But issues of joinder and severance are not determined on the alleged strength or weakness of the evidence, but on the allegations of the indictment.

Good argues he will be prejudiced by joinder with his co-defendants because he has a connection with only three of the co-defendants, but the jury will hear evidence about all of the Defendants' conduct, 13 of whom had no involvement with Good. (Filing No. 342, at CM/ECF pp. 5-7; Filing No. 461, at CM/ECF p. 7). He claims the government's evidence against him is sparse compared to the evidence against his co-defendants, creating a genuine risk that Good's case and defense will be lost in a blur of records and testimony at a trial involving several people with charges against them much different than those against Good. (Filing No. 342, at CM/ECF p. 5-7, 21; Filing No. 461, at CM/ECF pp. 3, 5).

"Severance is not required merely because evidence that is admissible only against some defendants may be damaging to others." Mickelson, 378 F.3d at 817. A motion for severance may be denied even though the defendant argues that "not every joined defendant has participated in every offense charged," or that "there is varying strength in the evidence against each defendant." United States v. Lee, 374 F.3d 637, 646 (8th Cir. 2004) (internal citations omitted). Moreover, defendants charged in a conspiracy or jointly indicted on similar evidence from the same or related events should be tried together, even if each defendant did not participate in or was not charged with each offense. United States v. Gravatt, 280 F.3d 1189, 1191 (8th Cir. 2002).

Good asserts a joint trial with the co-defendants will limit Good's ability to present testimonial evidence. He claims that in a trial with 17 defendants, community witnesses may be unwilling to testify. (Filing No. 342, at CM/ECF p. 18). He further argues the co-defendants he knows (Juan Pablo Sanchez Delgado, Delgado's wife Magdalena Castro Benitez, and their son Antonio De Jesus Castro), cannot be compelled to testify absent severance. (Filing No. 342, at CM/ECF p. 20). But Good's statement that community witnesses will be reluctant to testify in a trial with many defendants is speculative and unsupported by any evidence. Perhaps more importantly, seven defendants have already pleaded guilty with several others indicating a plea hearing will be scheduled soon. By the time this case reaches trial, the number of defendants will be far less than 17. And by then, Juan Pablo Sanchez Delgado and Magdalena Castro Benitez may be able to testify because their cases are over. If not, the Fifth Amendment impediment to their testimony will exist with or without separate trials.

Good argues that nothing short of severance will eliminate the prejudice of a joint trial because a jury cannot be expected to compartmentalize evidence

related to separate defendants in a case involving multiple languages and alienages, and sophisticated business activities and banking activities unrelated to Good. (Filing No. 342, at CM/ECF p. 14-15, 20, 22; Filing No. 461, at CM/ECF p. 8). Good claims redacting documents, curative jury instructions, cautions to the jury, or attempts to differentiate himself during the trial cannot eliminate the prejudice of joinder. (Filing No. 342, at CM/ECF p. 21, 22). Even assuming Good had demonstrated potential prejudice if he is jointly tried with the co-defendants, "[t]he risk of prejudice posed by joint trials is best cured by careful and thorough jury instructions." Mickelson, 378 F.3d at 817. "[J]uries are presumed to follow their instructions." Zafiro v. U.S., 506 U.S. 534, 540 (1993).

Citing Bruton v. United States, 391 US 123 (1968), Good argues a joint trial with the codefendants will violate Good's rights under the Sixth Amendment. (Filing No. 342, at CM/ECF p. 9-10, 16, 18). In Bruton, the Court held that the admission of a non-testifying codefendant's confession that expressly implicated Bruton violated Bruton's "right of cross-examination secured by the Confrontation Clause of the Sixth Amendment," even when the district court gave the jury limiting instructions to consider the confession against only the confessing codefendant. But where a codefendant's statement does not incriminate the defendant on its face, and the statement becomes incriminating "only when linked with evidence introduced later at trial," then a limiting instruction is sufficient to avoid a violation of the Confrontation Clause. United States v. Gayekpar, 678 F. 3d 629, 637 (8th Cir. 2012). Thus, "[w]here a defendant's redacted confession does not refer directly to the codefendant himself, and becomes incriminating only in combination with other evidence, the Constitution permits the normal presumption that a jury will follow an instruction to disregard the confession when considering a verdict for the codefendant." Gayekpar, 678 F.3d at 637.

7

Good claims several of the codefendants provided statements, and the government will likely seek to introduce these statements at trial. However, Good does little more than allege that codefendant statements may directly or indirectly incriminate him. Based on the lack of evidence supporting a Bruton challenge, the court cannot find that Bruton applies such that severance of Good's trial is required.

Perhaps anticipating this problem, Good asks the court to stay any ruling on the motion to sever until it performs an *in camera* review of any codefendant statement the Government intends to offer at trial. ([Filing No. 342, at CM/ECF p. 23](); [Filing No. 461, at CM/ECF p. 9]()). To that end, Good asks the court to order the government to deliver the statements of Good, Thurlow, Beringer, Glidden, Pablo Delgado, and Magdalena Benitez to the court for *in camera* review. ([Filing No. 461, at CM/ECF p. 10]()).

This case has been pending since August of 2018. Since then, several codefendants have already pleaded guilty and additional plea hearings are being discussed. With each plea hearing, the government's anticipated use of codefendant statements likely changes; statements it would offer if the case was tried today may be irrelevant when the case is actually tried. Under such circumstances, it would be premature to review the statements the government intends to offer at trial and reach a severance decision accordingly. The court will not sever Good's trial based on a currently unsubstantiated possibility that the United States may offer statements during a joint trial to the prejudice of Good's right to a fair trial.

Generally, persons charged in a conspiracy or jointly indicted on similar evidence should be tried together. [U.S. v. Lewis, 557 F.3d 601, 609 (8th Cir. 2009)]();

United States v. Brown, 331 F.3d 591, 595 (8th Cir. 2003). "A joint trial 'gives the jury the best perspective on all of the evidence and therefore increases the likelihood of a correct outcome' . . . . [J]oint trials 'avoid the scandal and inequity of inconsistent verdicts.'" U.S. v. Delpit, 94 F.3d 1134, 1143 (8th Cir. 1996) (citing Zafiro, 506 U.S. at 537. The presumption against severing properly joined charges is strong.

Here, Good has failed to show he would be prejudiced by a joint trial, or that any prejudice cannot be addressed by proper jury instructions. Severance is not warranted for misjoinder under Rule 8(b), nor for the prejudicial effects of a joint trial under Rule 14. See, e.g., Gravatt (joint trial of defendants was proper where they were charged as co-conspirators in a financial scheme and allegedly engaged in some common activities to carry out that scheme); Delpit (trial of defendants in drug conspiracy properly joined although two defendants were allegedly involved in a contract killing to increase the operation's profits while two other defendants had nothing to do with that plot).

Accordingly,

IT IS ORDERED that Defendant Good's motion to sever and for in camera review, (Filing No. 339), is denied, but without prejudice to re-asserting 14 days before the start of trial.

April 4, 2019.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge