IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | 4:18-CR-3088 |
| vs. | |
| JOHN CHRISTOPHER GOOD, | ORDER |
| Defendant. | |

This matter is before the Court on defendant, John Christopher Good's, objection (filing 512) to the Findings and Recommendation and Order (filing 503) of the Magistrate Judge, recommending that the defendant's Motion to Dismiss (filing 335) be denied. The Court has conducted a de novo review of the motion to suppress, pursuant to 28 U.S.C. § 636(b)(1). The Court concurs in the Magistrate Judge's factual findings, analysis, and conclusions of law. *See* filing 68. The Court therefore finds the defendant's objections to be without merit, and will adopt the Magistrate Judge's findings and recommendation.

Specifically, the Court does not accept the defendant's contention that the Magistrate Judge failed to address the "overly broad features" of 8 U.S.C. § 1324. Filing 512 at 21. In the context of the First Amendment, a statute may also be challenged as facially overbroad. The facial overbreadth doctrine "provides an avenue whereby a law may be invalidated as overbroad if a substantial number of its applications are unconstitutional, judged in relation to the statute's plainly legitimate sweep." *Josephine Havlak Photographer, Inc. v. Vill. of Twin Oaks*, 864 F.3d 905, 912 (8th Cir. 2017) (citations and quotation marks omitted).

For a federal court to entertain a facial challenge under the overbreadth doctrine, there must be a realistic danger that the statute itself will significantly compromise recognized First Amendment protections of parties not before the Court. *Id.* Facial challenges are disfavored because they "often rest on speculation . . . [and] raise the risk of premature interpretation of statutes on the basis of factually barebones records." *Phelps–Roper v. City of Manchester*, 697 F.3d 678, 685 (8th Cir. 2012). That means the defendant "must identify a significant difference between his claim that the statute is facially invalid on overbreadth grounds, and his claim that it is unconstitutional as applied to his particular activity." *Id.* And it is inappropriate to entertain a facial overbreadth challenge when the defendant fails to adduce any evidence that third parties will be affected in any manner differently from himself. *Id.*

Here, as the Magistrate Judge correctly pointed out, the defendant has failed to meet that burden. Filing 503. Indeed, the defendant has made no attempt to allege any realistic scenarios in which § 1324(a)(1)(A)(iii) and (v)(I) would "compromise recognized First Amendment protections of parties not before the court." *Id.* So, to the extent that the defendant's objection to the Magistrate Judge's findings and recommendation is based on the facial overbreadth challenge, that objection will be overruled. *Id.*; *see Wash. State Grange*, 552 U.S. at 449 n.6 (finding that Courts "generally do not apply the strong medicine of overbreadth analysis where the parties fail to describe the instances of arguable overbreadth of the contested law."); *see also Harrington v. Strong*, 363 F. Supp. 3d 984, 1004 (D. Neb. Jan. 29, 2019) (dismissing a facial overbreadth challenge where the plaintiff failed to allege any realistic dangers of compromising First Amendment protections).

As a final matter, the defendant also argues that "if the charges are not dismissed, Mr. Good does request an order disposing of any and all government contentions that his communications, including nonverbal communications, are evidence of criminal conduct and an order in limine excluding it." Filing 512 at 6. This argument is premature. And as such, the Court will deny this request without prejudice to reassertion before trial.

The Court will therefore adopt the Findings and Recommendation.

IT IS ORDERED:

1. The Magistrate Judge's Findings and Recommendation and Order (filing 503) is adopted.

2. The defendant's objection (filing 512) is overruled.

3. The defendant's motion to dismiss (filing 335) is denied.

Dated this 29th day of May, 2019.

BY THE COURT:

John M. Gerrard
Chief United States District Judge