IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiffs,<br><br>     vs.<br><br>JOHN CHRISTOPHER GOOD,<br><br>                Defendant. | 4:18CR3088<br><br>**MEMORANDUM AND ORDER** |

Defendant John Christopher Good has filed a second motion to sever, (Filing No. 551). Good asks "this Court order his case and the counts against Mr. Good severed from the counts of other Defendants and order that Mr. Good undergo a separate trial of each and all counts against him." (Filing No. 551, at CM/ECF p. 1). He further requests that the court order "the Government to deliver to the Court for in camera inspection any statement by the Defendant the Government intends to use as evidence." (Filing No. 551, at CM/ECF p. 1). Good has filed a new brief, but he also "affirmatively relies upon his previous filings and requests that the court consider them in connection with this renewed motion (#339–342 & 461)." (Filing No. 552).

Good argues the indictment against him is materially different than that against any other remaining defendant. Specifically, Defendant argues:

- He is the only defendant raising the Religious Freedoms Restoration Act as an affirmative defense, (Filing No. 552, at CM/ECF p. 1), and he "is the only defendant whose defense will involve proving that he had no personal benefit or gain except to 'pay kindness forward' by helping a young couple," (Filing No. 552, at CM/ECF p. 5);

- He did no business and engaged in no activity with Eric Beringer or John Glidden, two of the defendants, ([Filing No. 552, at CM/ECF p. 2](#));

- He never dealt with or conducted business with co-defendants Anayancy Castro Hernandez, Suni Sarahi Sanchez Delgado, Osvaldo Sanchez Delgado, Aracely Heredia Martinez, Mayra P. Jimenez, Asiyadeth Jimenez Castellon, ([Filing No. 552, at CM/ECF p. 2](#));

- He may wish to testify or cross-examine witnesses on some issues, while refusing to present evidence on other issues, but those choices may be impacted if his case is not severed, ([Filing No. 552, at CM/ECF p. 7](#)); and

- The evidence against the 7 or 8 defendants joined with Good is highly likely to "spillover" and result in the jury's use of the cumulative evidence against Good, ([Filing No. 552, at CM/ECF pp. 6](#), 8).

Good argues the government's evidence is insufficient to support the allegations within the indictment; specifically, he claims the discovery received from the government does not support the allegation that Good and others agreed to warn each other about possible enforcement actions. And if any such evidence exists, he asks for an order requiring the government to produce the evidence to the court for in camera review. ([Filing No. 552, at CM/ECF p. 3](#)).

The court has previously denied Good's motion to sever and motion for in camera review without prejudice. ([Filing No. 505](#)). Good offers no new arguments or evidence in support of the renewed motion. As this court previously held, "Good has failed to show how his First Amendment defense is irreconcilable with the positions or defenses his co-defendants will assert at trial. Good's affirmative defense does not warrant granting a motion for severance." ([Filing No. 505, at CM/ECF p. 5](#)). And while Good does not believe the government can prove its case, as stated in the court's prior order, "issues of joinder and severance are not

determined on the alleged strength or weakness of the evidence, but on the allegations of the indictment." (Filing No. 505, at CM/ECF p. 5). The court also rejected Good's argument that he will be prejudiced by the volume of evidence presented against his co-defendants if his case is not severed; that Good had "failed to show he would be prejudiced by a joint trial, or that any prejudice may not be addressed by proper jury instructions." (Filing No. 505, at CM/ECF pp. 6-7, 9). Finally, as to Defendant's claim that options to testify and cross-examine at trial may be altered if his case is not severed, "severance is not mandatory every time a defendant wishes to testify to one charge, but remain silent on another. If that were the law, a court would be divested of all control over the matter of severance and the choice would be entrusted to the defendant." Holmes v. Gray, 526 F.2d 622, 626 (7th Cir. 1975) (citing Baker v. United States, 401 F.2d 958, 976 (D.C. Cir. 1968).

As to Good's request for an order requiring production of evidence for the court's in camera review, the United States assures it has and will continue to comply with all Rule 16 requirements. Good has presented no evidence to the contrary.

Good requests an in camera inspection of the evidence against Good to determine whether the government can prove its case. (Filing No. 552, at CM/ECF p. 3). But "[i]t is the jury's role, not the judge's, to find the facts essential to a criminal conviction." United States v. White Horse, 807 F.2d 1426, 1429 (8th Cir. 1986). "[T]he trial judge's role, as it relates to determining whether the elements essential to a criminal conviction have been established, is extremely limited; he instructs the jury on the law applicable to the issues raised at trial. The next two steps are for the jury. The jury first determines the facts, then it applies

the law to those facts." White Horse, 807 F.2d at 1430 (citing United States v. Gleason, 726 F.2d 385, 388 (8th Cir. 1984)).

> If indictments were to be held open to challenge on the ground that there was inadequate or incompetent evidence before the grand jury, the resulting delay would be great indeed. The result of such a rule would be that before trial on the merits a defendant could always insist on a kind of preliminary trial to determine the competency and adequacy of the evidence before the grand jury. This is not required by the Fifth Amendment. An indictment returned by a legally constituted and unbiased grand jury, like an information drawn by the prosecutor, if valid on its face, is enough to call for trial of the charge on the merits. The Fifth Amendment requires nothing more.

Costello v. U.S., 350 U.S. 359, 363 (1956). See also United States v. Williams, 504 U.S. 36, 55 (1992)(holding a court cannot dismiss an otherwise valid indictment even if the prosecutor failed to present exculpatory evidence to the grand jury); United States v. Johnson, 767 F.2d 1259, 1275 (8th Cir. 1985)(holding a facially valid indictment should not be dismissed for insufficient evidence if there is some competent evidence to sustain the charge issued).

Defendant Good has raised no new evidence or arguments to support severance, and no basis for ordering production for in camera review. The court finds no basis for modifying its prior order.

Accordingly,

IT IS ORDERED that Defendant Good's motion to sever, (Filing No. 551), is denied.

July 30, 2019.                    BY THE COURT:

                                  *s/ Cheryl R. Zwart*
                                  United States Magistrate Judge