IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | 4:18-CR-3088 |
| vs. | MEMORANDUM AND ORDER |
| JOHN CHRISTOPHER GOOD, | |
| Defendant. | |

The defendant has filed notice of his intent to assert an affirmative defense at trial premised on the First Amendment freedom of speech, freedom of association, and free exercise clauses; and the Religious Freedom Restoration Act (RFRA), 42 U.S.C. § 2000bb *et seq.* Filing 344. The government has moved *in limine* to preclude the defendant from asserting a defense based upon his faith. Filing 445. The Court will grant the government's motion.

The government's argument, briefly summarized, is that the defendant's faith is not a valid defense to the charges against him. *See* filing 446. Of course, the Court agrees, having already adopted the Magistrate Judge's findings and recommendation to that effect. Filing 541; *see* filing 503. But the defendant argues that it is, relying on RFRA's provision that "[a] person whose religious exercise has been burdened . . . may assert that violation as a claim or defense in a judicial proceeding[.]" § 2000bb-1(c); *see Gonzales v. O Centro Espirita Beneficente Uniao do Vegetal*, 546 U.S. 418, 424 (2006).

That's true enough—but it's not really the issue. The issue presented by the government's motion is not whether the defendant's faith can provide some sort of defense—it's whether that defense is a matter for the Court, or for a jury. And there's no question that it's a matter for the Court, because the

Eighth Circuit's decision in *United States v. Anderson* is squarely on point. 854 F.3d 1033, 1037 (8th Cir. 2017).

In *Anderson*, the defendant insisted that the free exercise of his religion required him to distribute heroin, and he mounted a defense to federal drug charges based on RFRA. *Id.* at 1034-35. The trial court denied his pretrial motion, assuming without deciding that his heroin distribution was an exercise of sincerely held religious beliefs and that criminal prosecution substantially burdened that exercise, but concluding that the prosecution was in furtherance of a compelling governmental interest and the least restrictive means of furthering that interest. *Id.* at 1035. And the trial court prohibited the defendant from presenting his RFRA defense to the jury. *Id.* The Eighth Circuit affirmed that decision on appeal:

> Furthermore, we reject [the defendant]'s argument that he was entitled to present his RFRA defense to the jury. Because the district court concluded that prosecuting [the defendant] under the [Controlled Substances Act] was the least restrictive means to further a compelling governmental interest, it was proper for the court to reject [the defendant]'s RFRA defense as a matter of law and to prohibit him from raising it again at trial.

*Id.* at 1037.

The same is true here: even assuming the defendant's sincerity—and the Court does—the Court has already rejected his defense as a matter of law. Filing 503 at 17-20; *see* filing 541. These are questions of law that are properly determined—and *have* been determined—by the Court. *See id.*; *see also United States v. Ali,* 682 F.3d 705, 708 (8th Cir. 2012); *Weir v. Nix,* 114 F.3d 817, 820

(8th Cir. 1997). They are not matters for the jury. See *Anderson,* 854 F.3d at 1037. Accordingly,

IT IS ORDERED:

1. The government's motion in limine (filing 445) is granted.

2. The jury will not be instructed on the defendant's proffered affirmative defense.

3. The defendant shall not present evidence at trial regarding his religion unless that evidence is demonstrably relevant to an element of a charged offense, or demonstrably relevant to another issue submittable to the jury.

Dated this 12th day of August, 2019.

BY THE COURT:

John M. Gerrard
Chief United States District Judge