IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:18-CR-3088 |
| vs. | ORDER |
| JOHN CHRISTOPHER GOOD, | |
| Defendant. | |

The defendant filed a motion to sever trial of the charges against him from those asserted against his codefendants. Filing 551. The Magistrate Judge denied his motion, filing 594, and he objects, filing 603. Pursuant to 28 U.S.C. § 636(b)(1)(C) and NECrimR 59.2, the Court has conducted a de novo review of the record and affirms the ruling of the Magistrate Judge.[1]

To begin with, the Court agrees with the Magistrate Judge's reasoning and conclusions. *See* filing 505; filing 594. Specifically, the Court agrees that the defendant has failed to demonstrate that the prejudice to him from a joint trial—if any—cannot be cured through appropriate jury instructions. Filing 505 at 7. And more importantly, the Court agrees that the defendant's motion

---

[1] There is no clear consensus on whether a motion to sever in a criminal case is a dispositive matter on which a Magistrate Judge's ruling is subject to *de novo* review by a district judge, or whether it is a nondispositive matter only requiring review for clear error. *See United States v. Wetsch*, No. 12-CR-45, 2013 WL 1490222, at *1 n.2 (D. Minn. Apr. 10, 2013). *But see United States v. Cochran*, 682 F. App'x 828, 842 (11th Cir. 2017) (motion to sever was a non-dispositive motion properly committed to Magistrate Judge); *but cf. United States v. Bordeaux*, 84 F.3d 1544, 1547 (8th Cir. 1996) (affirming Magistrate Judge's ruling). Out of caution, the Court has conducted a *de novo* review here.

to sever is premature, and cannot be meaningfully resolved without a real understanding of which defendants, and which charges, would actually be part of a joint trial. Filing 505 at 6. The Court also notes that the defendant's primary argument in support of his objection, *see* filing 603 at 1-7, is that severance is required by his proposed affirmative defense pursuant to the Religious Freedom Restoration Act (RFRA), 42 U.S.C. § 2000bb *et seq.*—an affirmative defense that the defendant will *not* be presenting, as explained in the accompanying Memorandum and Order. Nor does the Court believe that the evidence the defendant demands be made available for *in camera* review, *see* filing 603 at 8-9, is essential to the Court's disposition of his motion.

Additionally, the defendant has filed a motion *in limine* (filing 361) seeking exclusion of evidence that is, he says, not relevant to the charges against him. The government disputes that, *see* filing 447, but it certainly appears that the evidence the defendant seeks to exclude is relevant to the charges against his codefendants, *see* filing 362. Obviously, at a joint trial, the Court's not going to exclude evidence relevant to issues in the case, although appropriate limiting instructions may be considered. But the more important problem with the defendant's motion is the same as with his motion to sever— it's impossible to say, at this point, what the evidence and issues will be at trial. Accordingly, the Court will deny the defendant's motion *in limine* without prejudice to reassertion 14 days before the trial date.[2]

---

[2] The Court doesn't find it necessary to discuss other items mentioned in the motion *in limine*, such at the exclusion of unidentified experts or evidence to be admitted pursuant to the residual hearsay exception. *See* filing 362 at 6-7. At this point, those requests are completely abstract, and amount to little more than a request that the Court order the government to follow the rules of evidence. The Court assumes the parties will abide by the rules of evidence

Finally, the defendant has filed a request for additional peremptory challenges (filing 604) that is similarly premature: it's premised on trial conditions that are, at this point, speculative. The Court may be willing to consider affording additional peremptory challenges, based on the circumstances of trial—but, that is unknown at this point. So, the defendant's request for additional peremptory challenges will be denied without prejudice to reassertion 14 days before trial.

IT IS ORDERED:

1. The defendant's objection (filing 603) is overruled.

2. The Magistrate Judge's order (filing 594) is affirmed.

3. The defendant's motion *in limine* (filing 361) is denied without prejudice.

4. The defendant's request for additional peremptory challenges (filing 604) is denied without prejudice.

Dated this 12th day of August, 2019.

BY THE COURT:

John M. Gerrard
Chief United States District Judge

---

until it's suggested otherwise, and the Court will not take those matters up unless and until there is some reason to believe they're actually at issue.